PER CURIAM.
This is an appeal from an order denying a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Although the clerk of the circuit court could not locate the notice of appeal which appellant filed in October 2002, we received a copy of the notice of appeal and appellant’s initial brief on October 15, 2002. The notice was filed within thirty days of the order being appealed. Therefore, even without the notice being sent from the clerk of the circuit court, we deem the copy of the notice as the institution of proceedings, transfer the same to the circuit court, see Fla. R.App. P. 9.040(b)(1), and deem appellant’s appeal timely filed.
On the merits, appellant claims that his sentence is illegal under State v. Thompson, 750 So.2d 643, 649 (Fla.1999), which sustained a constitutional single subject challenge to the violent career criminal provisions enacted by chapter 95-182. However, appellant was not sentenced as a violent career criminal but as a habitual felony offender. The supreme court declared only those portions of section 775.084, Florida Statutes (1995), enacted in *605 chapter 95-182, as being unconstitutional, not the previously enacted portions. Therefore, Thompson had no effect on appellant’s sentence. See Tiger v. State, 764 So.2d 824, 824 (Fla. 4th DCA 2000).
Affirmed.
GUNTHER, WARNER and STEVENSON, JJ., concur.